PROST, Circuit Judge,
concurring in the result.
While I concur with the result in this case, I do not accept the majority’s treatment of trade law as an exception to this country’s equal protection jurisprudence and implication that a heightened legal standard applies only in the context of tariff schedules. I find the majority’s position on this issue particularly difficult because it was never advocated by the Gov *1359 ernment, and is not responsive to TotesIsotoner Corporation’s (“Totes’s”) arguments on appeal. The present case can be readily dismissed under current Supreme Court precedent because the disputed tariff classification is not facially discriminatory.
Totes’s complaint states, “the rate of duty imposed on seamed leather gloves imported for men is higher than the rate of seamed leather gloves imported for women, and there is no exceedingly persuasive justification for this discrimination. Defendant has thereby discriminated against [Totes]....” A similar allegation is made for age discrimination based on the distinction between men’s and children’s gloves.
The case, in my view, is properly dismissed under current controlling equal protection and pleading law. The fact that the tariff scheme is designed to protect domestic industry and harmonize international markets is not a reason to create an exception to discrimination law, but rather, it provides the very persuasive justification under the law that Totes alleges is lacking. The Government’s brief correctly characterizes the objectives of tariff laws as justifying the disputed classification, rather than necessitating an exception to traditional equal protection analysis.
Stating an equal protection claim requires alleging either (a) that a law is facially discriminatory against natural persons, or (b) that the law has a disparate impact on natural persons resulting from a discriminatory purpose. Raytheon v. Hernandez, 540 U.S. 44, 52-53, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003); Vill. of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 264-65, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Although the majority opinion focuses on dismissing a claim of disparate impact, Totes’s brief to this court focuses entirely on whether the tariff classification is facially discriminatory.
The majority opinion declares that imposing the disputed tariff results in a disparate impact on adult male glove wearers. The opinion then goes on to hold that in the unique context of tariff law, showing disparate impact is never enough, and the complainant must allege additional facts demonstrating a discriminatory purpose. Such a position is unnecessary, however, because Totes does not argue on appeal that the tariff results in a disparate impact, and the complaint does not allege any disparate impact.[1]
In my view, the more straightforward answer to Totes’s arguments on appeal is that the tariff classification here is not facially discriminatory. It imposes a burden on importers, not gender- or age-based classes of people.[2] It distinguishes on the basis of products, not natural peo *1360 pie. Cf. Berkley v. United States, 287 F.3d 1076, 1084 (Fed.Cir.2002) (holding that a law is facially discriminatory if it classifies persons for unequal treatment on the basis of race or gender). The fact that the products are designed for use by men rather than women and children does not constitute disparate treatment of actual men. Much like tuxedos and evening gowns are different products, men’s and women’s gloves, are different products. The happenstance that the English language does not have separate names for these particular products, thus requiring reference to the gender of the intended wearer, does not transform the distinction into facial discrimination.
Bridging the analytical gap between classifying clothing by reference to the gender or age of the intended wearer and engaging in prohibited discrimination thus requires factual allegations sufficient to establish that imposition of the tariff results in a greater burden to one gender or age group over another. Such allegations would speak to the disparate impact test, rather than the facially discriminatory test.[3]
Totes’s complaint alleges discrimination against Totes, not against men. The complaint makes no connection between the impact of the tariff on importers and the impact on consumers. Totes does not allege, for example, that the tariff results in men paying higher prices for gloves, having a more limited selection of colors and styles of gloves, or having a more limited selection of merchants for gloves than women and children. In fact, Totes confirmed at oral argument before this court that it does not allege that the cost of the higher tariff is passed on to consumers. See Oral Argument available at http:/ /oralarguments.cafc.uscourts.gov/mp3/20091113.mp3.
Because the tariff classification is not facially discriminatory and Totes has not alleged a disparate impact, Totes has failed to state an equal protection claim on which relief can be granted. I would resolve this case on that basis, rather than on the novel disparate impact analysis of the majority, and thus concur only in the result.

. The majority's analysis with respect to standing is similarly flawed. The majority finds that Totes has standing as a third party on behalf of the men against whom the tariff discriminates. Totes did not allege, however, that the male consumers for whom its gloves were imported are the target of discrimination. Totes alleges that the Government has discriminated against Totes. Totes identifies the harm caused as the higher tariff rate for Totes, and not any harm that may or may not be passed on to consumers. Totes’s complaint thus does not state a claim for which third party standing is necessary or appropriate.

. Totes cites Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993), for the proposition that whether a statute is facially discriminatory turns on the object or purpose of the statute. Lukumi, however, actually cuts against Totes's position. Totes failed to allege a discriminatory purpose of the tariff classification. Here, the undisputed object of the statute is to protect domestic industry and harmonize international markets, rather than to infringe upon or restrict men's access to gloves.

. Any claim of disparate impact in the present case, however, would also fail under the Supreme Court's test in Arlington Heights, because Totes has not alleged sufficient facts to connect any disparate impact to a discriminatory purpose underlying the classification. This case thus provides no reason to treat tax and tariff law any differently than any other area of law for purposes of inferring discriminatory purpose from a showing of disparate impact.